NEALL v. P. DOUGHERTY CO.

THE SOMERS N. SMITH.

(Circuit Court of Appeals, Second Circuit. July 5, 1910.)

Nos. 244–245.

TOWAGE. (§§ 3, 7*)—BREACH OF TOWAGE CONTRACT—SERVICE IN NATURE OF SALVAGE.

Libelant's tug was employed by respondent to tow three barges to Norfolk from Assateague, Va., where they had been anchored in a storm, respondent's towing tug having been disabled. They were represented as being in a safe anchorage, but were found to be in the breakers in a dangerous position, and where the tug could not reach them because of her draft, and smaller vessels refused to attempt to take a line to them owing to the danger. After making every effort, the tug gave up for the day, and during the night one of the barges having begun to leak, and being in danger of sinking, her master slipped her anchor, and allowed her to drift ashore. In the morning the storm having abated, the tug, with the assistance of a life saving crew, got a line to the other two, and by direction of respondent towed them to a place of safety, and left them. *Held*, that she was not liable for breach of her towing contract, nor for the going ashore of the one barge, but was entitled to recover for the towage service rendered to the others in the nature of salvage, and that an allowance of $500, made by the trial court, would not be disturbed.

[Ed. Note.—For other cases, see Towage, Cent. Dig. §§ 3, 6, 7, 10; Dec. Dig. §§ 3, 7.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suits in admiralty by Frank L. Neall, as trustee, against the P. Dougherty Company and cross-libel by the P. Dougherty Company against the tug Somers N. Smith. Decree for libelant Neall on both original and cross-libel (168 Fed. 415), and the P. Dougherty Company appeals. Affirmed.

See, also, 159 Fed. 1016.

On appeal from decrees of the District Court for the Southern District of New York in favor of Frank L. Neall, as trustee, for $875.29 damages and costs in the first of the above entitled actions, and for $316.89 costs in the second of said actions. In the first action Neall, as trustee, recovered $500 for towage service, in the nature of salvage, and costs. In the second action, which was a cross-libel filed by the Dougherty Company to recover damages against the tug Somers N. Smith for its alleged breach of a contract of towage, the libel was dismissed with costs. In both actions the Dougherty Company appeals.

De Lagnel Berier (James J. Macklin, of counsel), for appellant.

Robinson, Biddle & Benedict (Roderick Terry, Jr., and W. S. Montgomery, of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. On the 23d of March, 1906, the tug Margaret owned by the P. Dougherty Company started from New York, with three barges in tow, bound for Norfolk, Va. The barge Dendron,

loaded, was next the tug on a hawser and the barges Norfolk and Embrey, light, also on hawsers, were being towed, in the above order, behind the Dendron. On the next day the flotilla encountered a heavy northeast gale and snowstorm, and endeavored to find shelter in Tom's Cove, Virginia. On the way in the Dendron's hawser fouled the tug's propeller and the tug anchored and signaled the tow to anchor also. This was done, but the Margaret could not hold her ground and, being unable to operate her propeller, drifted upon Wallop's Beach. The three barges remained at anchor.

The situation was one of great danger, the barges being exposed to a northeast gale, a heavy sea and a lee shore, less than a mile distant.

On the 25th of March the master of the tug Somers N. Smith, having heard of the stranding of the Margaret, started from Delaware Breakwater to render such assistance as was needed, but before leaving the breakwater he was recalled by signal, to await the result of a conversation over the telephone between the owners of the Smith and the Margaret. This conversation resulted in an agreement that the Smith should proceed to Assateague and tow the three barges to Norfolk for $500. If she succeeded in floating the Margaret without delay she was to get $200 in addition, or $700 in all. The Smith reached Assateague at 7:30 a. m. on the morning of the 26th, found the barges laboring in a heavy sea and endeavored in every way possible to get a line on them, but without success. The tug drew too much water to approach them successfully and as it was she struck bottom several times. No smaller boat would attempt so dangerous an undertaking. All requests to do so were refused.

On Monday night the master of the Dendron, finding that she was leaking and might fill and sink, threw off the anchor chain, letting both chain and anchor go, and she drifted on the beach. The next morning it was possible, with the assistance of the life savers, for the Smith to get a line to the other barges and they were towed to a place of safety. She could have towed them to Norfolk if the Dougherty Company had permitted. The foregoing brief outline of the testimony sufficiently states the facts necessary for a determination of the principal questions involved. The details are stated at length in the opinions of the District Judge and the commissioner.

The libel of the Dougherty Company cannot be maintained. The Smith started out with a wrecking crew, but she was turned back and discharged her crew on hearing from the owner of the barges that a salvage service was not desired. On reaching Assateague she found the barges in a location so dangerous that it was impossible to get a line to them, in the then condition of the weather. The Dendron went ashore through the action of her own master. His act in casting the anchor chain overboard probably saved her from sinking in deep water. But whether wise or otherwise his action cannot be imputed to the Smith. If a fault, it was the fault of an agent of the Dougherty Company and not of the Smith or her agents.

That the Smith is entitled to some compensation for her services is too plain for debate. She came from the Delaware Breakwater at

the request of the Dougherty Company to rescue the barges and tow them to Norfolk. She had every reason to believe that they were in no immediate danger. She was a large and powerful tug drawing 13½ feet of water, well manned and equipped for the service for which she was employed, and was occupied at least 50 hours in the service. She was in no way responsible for the loss of the Dendron and would have towed the other two barges to Norfolk had she not been ordered back to the Delaware Breakwater by the Dougherty Company.

There was proof that $10 per hour was a reasonable compensation for such services as she rendered, and the amount agreed on by the parties—$500—was not for salvage but for a towage service. It may be that if the case had been tried in the first instance before this court a smaller sum than $500 would have been allowed, but the question here is—Was the award so excessive as to justify us in setting it aside and awarding a smaller amount? We think not. The Smith was entitled upon the facts to a substantial award and we cannot say that $500, which amount was approved by the Judge and the commissioner, both admiralty lawyers of large experience, is excessive or unwarranted by the testimony.

The decrees are affirmed with interest and costs.